# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br><br>Jarvier Ortiz-Rivera<br>a/k/a Javier Ortiz-Rivera<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 25-mj-4195<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 24, 2025__ in the county of __Davidson__ in the __Middle__ District of __Tennessee__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code Sections 1326(a) and 1326(b)(2) | Illegal Re-entry of a Removed Alien |

This criminal complaint is based on these facts:

See Attached statement in support of complaint

☑ Continued on the attached sheet.

/s/ John Quinn Bolls Jr.
*Complainant's signature*

John Quinn Bolls Jr., ICE ERO
*Printed name and title*

Sworn to me remotely by telephone, in compliance with Fed. R. Crim. P. 4.1.

Date: 06/17/2025

*Judge's signature*

City and state: Nashville, Tennessee         Hon. Alistair E. Newbern, U.S. Magistrate Judge
*Printed name and title*

# STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, John Quin Bolls Jr, having been duly sworn, hereby depose and swear to the following:

1. I am an agent with the Department of Homeland Security (DHS), specifically U.S Immigration and Customs Enforcement (ICE). I serve in ICE Enforcement Removal Operations and am currently assigned to the Middle District of Tennessee. I have been so employed since July 2020. As a federal agent for DHS, I am familiar with federal statutes, including 8 U.S.C. §§ 1326(a) and 1326(b)(2), which make it unlawful for an individual who has been previously removed from the United States subsequent to a conviction for an aggravated felony to enter and remain in the United States without the authorization or approval from appropriate federal authorities. I am also familiar with 8 U.S.C. § 1101(a)(43)(B) which, for purposes of a violation of 8 U.S.C. § 1326(b)(2) defines an "aggravated felony" as (among other things) "illicit trafficking in a controlled substance including a drug trafficking crime."

2. The facts contained in this affidavit are based on first-hand knowledge or information learned during this investigation from law enforcement sources or from witnesses. This affidavit does not contain each detail known by me regarding this investigation. Instead, this affidavit provides information necessary to establish probable cause to arrest Jarvier ORTIZ-Rivera, a/k/a/ Javier ORTIZ-Rivera (the Defendant) for a violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Except where indicated, all statements referenced herein are set forth in substance and in part, rather than verbatim.

3. The Defendant is a Mexican Citizen and alien to the United States.

4. On or about August 8, 2008, Defendant was charged in the Criminal Court of Davidson County, Tennessee with Possession of a controlled substance. On or about October 17,

2008, the Defendant pled guilty to Attempted Possession of a Controlled Substance with the Intent to Distribute (Schedule VI over 70 lbs). The Defendant was sentenced to six years imprisonment (suspended to probation) and fined $4,272. This conviction qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).

5. On or about December 8, 2008, an immigration judge in Jena, Louisiana ordered the Defendant removed from the United States for an aggravated felony conviction.

6. On or about December 31, 2008, the Defendant was removed from the United States back to Mexico via Brownsville, Texas.

7. On or about January 27, 2012, ORTIZ-Rivera was found in Laredo, Texas and charged with a violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The Defendant was convicted on or about July 3, 2012, and sentenced to 16 months confinement.

8. On or about March 26, 2013, the Defendant was removed from the United States to Mexico via Brownsville, Texas.

9. On or about May 13, 2014, the Defendant was found at the Falfurrias Border Patrol Checkpoint near Falfurrias, Texas. The Defendant was subsequently charged with a violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). On or about November 6, 2014, the Defendant was convicted and sentenced to 18 months confinement.

10. On or about January 12, 2016, the Defendant was removed from the United States to Mexico via El Paso, Texas.

11. On or about March 13, 2025, ICE agents in Nashville, Tennessee were made aware the Defendant submitted an application with United States Citizenship and Immigration Services (USCIS). USCIS denied the Defendant's application because the Defendant is an aggravated felon.

12. ICE Fugitive Operations then opened an investigation into the Defendant's presence in the United States. A check of immigration records shows that since the Defendant's last removal in 2016, he has not received the express consent or authorization from the United States Attorney General and/or the Secretary of Homeland Security to reapply for entry into the United States. Without such consent and authorization, the Defendant's entry into the United States is illegal.

13. On or about, March 24, 2025, ICE Fugitive Operations along with other law enforcement conducted surveillance at a residence in Antioch, Tennessee, located in the Middle District of Tennessee. This residential address was the same address provided by the Defendant to USCIS. During surveillance officers observed a male standing in the driveway of the residence. Law enforcement officials identified the male as the Defendant.

14. On or about, June 17, 2025, ICE Fugitive Operations along with other law enforcement conducted surveillance at the same residence in Antioch, Tennessee, located in the Middle District of Tennessee. During surveillance officers observed the Defendant present at the residence.

15. The Defendant has entered and remained in the United States without authorization and in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).

16. Therefore, I am requesting a warrant authorizing the Defendant's arrest.